IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DELAMATER, individually and dba FAMILY FITNESS OF ROYAL, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ANYTIME FITNESS, INC.,<br><br>　　　　　Defendant. | NO. 1:09-CV-2025  AWI-SMS<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 7, 15) |

　　This is a contractual dispute between plaintiff Terry Delamater ("Delamater")[1] and Defendant Anytime Fitness, LLC. ("Anytime Fitness")[2] regarding various fitness gym franchise agreements (collectively "Franchise Agreements"). The Franchise Agreements require mediation before the parties initiate litigation or arbitration. Delamater seeks declaratory relief and requests that the Court declare that the parties must mediate in California, and that the Franchise Agreements' non-competition clauses are void and unenforceable under California law. Both parties now move for summary judgment. After reviewing the cross motions of the parties, the Court will deny Delamater's motion and grant Anytime Fitness' motion and dismiss Delamater's complaint without prejudice.

---

[1] Delamater is a resident of Bakersfield, California. Delamater does business individually and as Family Fitness of Royal, LLC. See Complaint ¶1.

[2] On November 18, 2009, Delamater filed suit against Anytime Fitness Inc., a Minnesota corporation with its principal place of business in Hastings, Minnesota. See Complaint ¶2. On December 11, 2009, Anytime Fitness, Inc. converted from a corporation to a limited liability company (Anytime Fitness, LLC). See Chris A. Ingvalson Declaration ¶2.

## FACTUAL BACKGROUND[3]

Anytime Fitness owns and licenses over 1,200 24-hour fitness facilities. See Jennifer Yiangou Decl. ¶4. Members join individual facilities and have reciprocal membership at all Anytime Fitness locations. Id. at 7. Delamater is an Anytime Fitness franchisee. In December 2004, Delamater and Anytime Fitness executed an Area Development Agreement under which Delamater agreed to establish Anytime Fitness franchises in Kern County, California. See Yiangou Decl. ¶14. Pursuant to the Area Development Agreement, Delamater entered into four franchise agreements for gym facilities in Kern County: (1) Oildale in December 2004, ("Oildale Agreement") See PUMF Nos. 5-6; (2) Tehachapi in October 2005 ("Tehachapi Agreement") See PUMF No.13; DUMF No. 15; (3) Westchester in December 2007 ("Westchester Agreement").[4] See PUMF No. 9; and (4) an undeveloped location in April 2009 ("2009 Agreement"). The Oildale Agreement terminated on December 7, 2009. See PUMF No. 7. The Tehachapi and Westchester Agreements have not yet expired. See PUMF Nos. 10, 14.

The Tehachapi Agreement and Westchester Agreement provide that the franchise relationship will be governed by the laws of Minnesota. See DUMF No. 23; PUMF No. 12.[5] The Westchester Agreement also contains a "State Specific Addendum to Franchise Agreement," which provides that "[t]he Franchise Agreement requires application of the laws and forum of Minnesota. This provision may not be enforceable under California law." See PUMF No. 12.

The Franchise Agreements contain non-competition clauses. Each Franchise Agreement contains a provision that relates to competition during the term of the agreement ("In-Term Non-Compete"). See PUMF No.16. The In-Term Non-Compete provision states that Delamater, "will not, directly or indirectly, during the term of this Agreement ... own, operate, lease, franchise, engage in, be connected with, have any interest in, or assist any person or entity

---

[3] "DUMF" refers to defendant Anytime Fitness' Undisputed Material Fact. "PUMF" refers to plaintiff Delamater's Undisputed Material Fact.

[4] Delamater entered into the Westchester agreement under the name of Family Fitness of Royal, LLC. See PUMF No. 9.

[5] Anytime Fitness contends that, for purposes of these motions for summary judgment, it will not contest choice of law.

engaged in any other fitness center wherever located, whether within the Protected Territory or elsewhere..." Westchester Franchise Agreement Section 17.A.  The Westchester Agreement contains a covenant not to compete, which extends beyond the termination of the franchise agreement ("Post-Termination Non-Compete").   See PUMF No. 17.

The Franchise Agreements contain clauses requiring the parties to engage in mediation if they have a dispute involving the agreements or the franchise relationship.  See DUMF No. 22; See Franchise Agreements, Section 18.B.  The mediation clause provides in relevant part:

> Mediation
>
> Except where [Anytime Fitness] believe[s] it is necessary to seek equitable relief, or to recover monies you owe us, we each agree to enter into mediation of all disputes involving this Agreement or any other aspect of this relationship between us, for a minimum of four (4) hours, prior to initiation any legal action or arbitration against the other.
>
> 1. Upon written notice by either of us to the other of our desire to mediate, the party receiving the notice will select an independent entity that provides mediation services to serve as mediator in the proceeding.  If the party receiving the notice of intent to mediate does not name such an organization within ten (10) days from the date of the notice of intention to mediate is received, then the other party may proceed as if this Section 18B did not exist, or, at its option, make the selection of the organization to provide mediation services**...** The person actually mediating the dispute will be required to have at least five (5) years of experience as either a franchisee or franchisor (or as an officer of such an entity) or in franchise law.  You and we will equally share the cost of the mediator.  *The mediator will select the location for the mediation*, but unless we both agree otherwise, the mediation will be held in a metropolitan area with at least 250,000 persons that is not located within one hundred (100) miles of either your principal office or our principal office. (Emphasis added).
>
> 2. Except for matters where we are permitted to bring an action or arbitration without first mediating the dispute, if either party initiates litigation or arbitration without complying with their obligation to mediate in accordance with this paragraph (unless the other party has failed to respond on a timely basis or has indicated it will not engage in mediation in accordance with the provisions of this Section 18B), then *upon petition of whichever of us has a lawsuit or arbitration proceeding brought against us, the court or arbitrator will dismiss the litigation or arbitration without prejudice, and award attorneys' fees and costs to the party seeking dismissal* in an amount equal to the attorneys' fees and costs the party seeking dismissal incurred.  If the court or arbitrator refuses for any reason to dismiss the action, then regardless of the outcome of the action, or of any award given in the action, the party initiation the litigation or arbitration will be responsible for all attorneys' fees and costs incurred through the litigation or arbitration by the other party as damages for failing to comply with the provisions of this Section 18B.  (Emphasis added).

Westchester Franchise Agreement, Section 18.B.

On October 19, 2009, Delamater demanded written confirmation from Anytime Fitness

3

that Anytime Fitness would not interfere with Delamater's intention of opening up his own fitness center, and would not attempt to enforce the non-compete clauses. See PUMF No. 19; DUMF No. 42. After receipt of Delamater's letter, the parties discussed the matter and Anytime Fitness' counsel threatened litigation against Delamater, including injunctive relief, claiming that: (1) the post-termination non-competition clause in the Oildale Franchise Agreement was valid; and (2) the in-term non-compete provisions in the Westchester Agreement and the Tehachapi Agreement were enforceable. See PUMF No. 21.

On or about, November 5, 2009, Delamater made a demand for mediation and requested that the mediation occur before the Oildale Agreement expired on December 7, 2009. See DUMF No. 44. Delamater demanded that mediation take place in California. See PUMF No. 22. Delamater proposed a retired judge in Tulare County, California, as the mediator. See DUMF No. 45. On November 13, 2009, Anytime Fitness agreed to mediation. See DUMF No. 46. Anytime Fitness requested that mediation occur consistent with the Franchise Agreements in a location selected by the mediator. See PUMF No. 22. The mediation organization indicated that it could accommodate Delamater's request that the mediation be held prior to December 8, 2009, if the mediation was held in Atlanta. See James M. Susag Affidavit ¶ 5.

On November 18, 2009, Delamater filed a complaint for declaratory judgment with this Court. See DUMF No. 51. Delamater requests that the Court declare the following: (1) the parties must mediate in California; (2) the non-competition clauses are void and unenforceable; and (3) Delamater's continued operation of a non-affiliated Anytime Fitness center at the Oildale location is not a violation of the Franchise Agreements. Delamater also seeks injunctive relief enjoining Anytime Fitness from attempting to enforce its non-competition clauses and from interfering with Delamater's operation of its Oildale fitness gym.

On December 8, 2009, Delamater filed a motion for summary judgment. On December 28, 2009, Anytime Fitness filed a cross motion for summary judgment.

On December 11, 2009, Anytime Fitness, Inc. converted from a corporation to a limited liability company (Anytime Fitness, LLC) under Minn. Stat. §302A.681. See Chris A. Ingvalson Declaration ¶5. On January 5, 2010, the California Secretary of State issued a Certificate of

Qualification, which indicates that Anytime Fitness Inc. was qualified to conduct business as of December 7, 2009.  See Chris A. Ingvalson Declaration Exhibit B.  On January 15, 2010, the California Secretary of State issued a Certificate of Qualification, which indicates that Anytime Fitness LLC was qualified to conduct business as of January 15, 2010.  See Chris A. Ingvalson Exhibit D.

On February 1, 2010, Anytime Fitness filed a reply.  On February 2, 2010, Delamater filed an objection to Anytime Fitness' reply on the grounds that it was untimely.[6]

On February 2, 2010, Anytime Fitness filed an answer and counter-claims.  Anytime Fitness' counter-claims allege the following: (1) Breach of Franchise Agreements[7] (Violation of Covenant not to Compete); and (2) Breach of Personal Guaranties.

## SUMMARY JUDGMENT FRAMEWORK

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying the portions of the declarations (if any), pleadings, and  discovery that demonstrate an absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  A fact is "material" if it might affect the outcome of the suit under the governing law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn, 322 F.3d 1039, 1046 (9th Cir. 2002).  A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.  Anderson,

---

[6] Delamater is not entitled to a sur-reply and has not requested permission to file a sur-reply.  A reply brief is for the benefit of the court.  Although the Court would be within its discretion to strike the reply brief for being untimely, the Court finds Anytime Fitness' reply beneficial and not prejudicial to Delamater.  Accordingly, the Court will overrule Delamater's ojection.

[7] Anytime Fitness alleges that the Techachapi, Westchester, and 2009 Franchise Agreements are the only contracts in dispute in this action.

477 U.S. at 248; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James River Ins. Co. v. Schenk, P.C., 519 F.3d 917, 925 (9th Cir. 2008); Soremekun, 509 F.3d at 984; Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Sanders v. City of Fresno, 551 F.Supp.2d 1149, 1163 (E.D. Cal. 2008); UMG Recordings, Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d

15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002).  Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249-50; Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006).  Additionally, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references.  See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  If the non-moving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment.  See Nissan Fire & Marine, 210 F.3d at 1103.

### Delamater's Position

Delamater argues that he should be granted summary judgment for four reasons: (1) the Franchise Agreements mediation forum selection provisions violate California Business Profession Code because they require Delamater to mediate in a non-California venue; (2) public policy concerns favor requiring mediation in California; (3) the non-competition clauses are unenforceable pursuant to California law;[8] and (4) Anytime Fitness has lost its capacity to maintain an action in California pursuant to Cal. Corp. Code §17456(a).  See Delamater's Opposition to Anytime Fitness' Motion for Summary Judgment at page 4.

### Anytime Fitness' Position

Anytime Fitness argues that it should be granted summary judgment for two reasons: (1) the Franchise Agreements require mediation as a pre-condition to initiating any legal action or arbitration and Delamater did not first engage in mediation; and (2) the mediation forum selection clause, which may require mediation outside California, is enforceable.

---

[8]The Court will not address this argument at this time because, as discussed below, the Court finds that the mediation provision is enforceable and that the parties must mediate before they initiate litigation.  Thus, the Court will not reach the merits of Delamater's motion.

# **RESOLUTION**

<u>Anytime Fitness' Capacity to File a Complaint and Motion for Summary Judgment</u>

Delamater argues that Anytime Fitness may not maintain any action[9] in California because: (1) Anytime Fitness LLC (the limited liability company) is a new entity that never registered to do business in California pursuant to Cal. Corp. Code § 17456(a); and (2) Anytime Fitness Inc. (the corporation) did not provide the court or the Plaintiff with any proof of an assignment to Anytime Fitness LLC (the limited liability company). <u>See</u> Delamater's Opposition to Anytime Fitness' Motion for Summary Judgment at page 4. Anytime Fitness contends that Anytime Fitness LLC may maintain an action because: (1) Anytime Fitness Inc. and Anytime Fitness LLC were qualified to transact intrastate business in California throughout the course of this litigation; and (2) Anytime Fitness LLC retained all of the same rights and obligations, including the right to defend itself against Delamater's claims and right to bring a counterclaim, as Anytime Fitness Inc. <u>See</u> Anytime Fitness Reply in Opposition to Delamater's Motion for Summary Judgment at pages 13-14.

Cal. Corp. Code §17456(a) provides that: "A foreign limited liability company transacting intrastate business in this state shall not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." Anytime Fitness LLC was in compliance with Cal. Corp. Code § 17456(a) for two reasons: (1) Anytime Fitness LLC is not a new entity and was converted by Anytime Fitness Inc., into a limited liability company, and retained the same rights and obligations as Anytime Fitness Inc.; and (2) Anytime Fitness LLC and Anytime Fitness Inc. were registered to do business in California when Anytime Fitness LLC filed its motion for summary judgment on December 28, 2009 and counter complaint on February 2, 2010.

"[T]he continuing legal existence of a corporation depends on the law of the state of incorporation." <u>The Capital Gold Group, Inc. v. Nortier</u>, 176 Cal. App. 4th 1119 (2009) (citing

---

[9]Because Delamater does not define action and explain whether he is objecting to Anytime Fitness filing a counter complaint and/or motion for summary judgment, the Court assumes that Delamater is objecting to both.

to CM Record Corp. v. MCA Records, Inc., 168 Cal. App.3d 965, 967 (1985).  Anytime Fitness Inc. was incorporated in Minnesota.  On December 11, 2009, Anytime Fitness Inc. was converted to Anytime Fitness LLC.  See Chris A. Ingvalson Declaration at ¶5.  Under Minnesota law, a converted organization is "for all purposes the same organization as the converting organization, having been incorporated or organized on the date that the converting organization was originally incorporated or organized."  Minn. Stat. §302A.691(a).  The converted organization retains all of the property, debts, liabilities, obligations, rights, privileges and immunities of the converting organization.  Minn. Stat. §302A.691(b).  Additionally, an action by or against the converting organization may be continued by or against the converted organization, as if the conversion had not occurred.  Id.  There is no evidence that Anytime Fitness Inc.'s corporate status was ever suspended, revoked, or dissolved.  Therefore, Anytime Fitness LLC's motion for summary judgment and counter complaint against Delamater could have been continued in the name of Anytime Fitness LLC, because under Minnesota law, Anytime Fitness LLC is deemed to be the same entity as Anytime Fitness Inc. and has all of the same rights and causes of action.  Pursuant to the laws of Minnesota, Anytime Fitness LLC had the capacity to file a motion or complaint after the conversion.[10]

Based on Anytime Fitness' declarations, Anytime Fitness LLC and Anytime Fitness Inc. were registered to do business in California during the filing of the motion for summary judgment and counter complaint.  Anytime Fitness Inc. was qualified to conduct business as of December 7, 2009.  See Chris A. Ingvalson Declaration Exhibit B.  Anytime Fitness LLC was qualified to conduct business as of January 15, 2010.  See Chris A. Ingvalson Exhibit D.  Anytime Fitness LLC lawfully filed its motion for summary judgment on December 28, 2009, because Anytime Fitness Inc. was qualified to conduct business in California as early as December 7, 2009 and because Anytime Fitness LLC is deemed to be the same entity as Anytime Fitness Inc., Anytime Fitness LLC was qualified to conduct business when it filed its motion for

---

[10]California law provides that when an entity converts to another entity under California law, "[a]ny action or proceeding pending by or against the converting entity or converting corporation may be continued against the converted entity or converted corporation as if the conversion had not occurred."  Cal. Corp. Code § 1158, subd. (b)(4).

9

summary judgment. Anytime Fitness LLC lawfully filed its counter complaint on February 2, 2010 because it was qualified to conduct business as early as January 15, 2010.

Accordingly, Anytime Fitness LLC had the capacity to file a complaint and motion for summary judgment in California.

<u>Enforceability of Mediation Forum Selection Provision</u>

The Franchise Agreements explicitly state that Delamater and Anytime Fitness will mediate disputes relating to the Franchise Agreement or franchise relationship prior to initiating litigation or arbitration[11]:

> We each agree to enter into mediation of all disputes involving this Agreement or any other aspect of this relationship, for a minimum of for (4) hours, prior to initiating any legal action or arbitration against the other.

<u>See</u> Franchise Agreements, Section 18.B.

Delamater concedes that the Franchise Agreements make mediation a condition precedent to filing a lawsuit. <u>See</u> Joint Scheduling Report, Delamater's Contentions at page 4. While Delamater concedes that mediation is required in this case, he argues that the mediation forum selection clause is invalid because it requires him to mediate outside of California, in violation of Business Professions Code § 20040.5. California Business Professions Code § 20040.5 (also known as the California Franchise Relations Act), provides that: "A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5.

The Court finds that the mediation forum selection provision at issue is enforceable for several reasons. First, Delamater has not met his burden to show that § 20040.5 applies to a non-binding mediation forum selection provision such as the one at issue.[12] Delamater has cited to

---

[11]The Court expresses no opinion on the validity of the arbitration clause given that neither party has raised the issue and in light of the fact that the parties must mediate before they can initiate an arbitration.

[12]The parties agreed to mediate all disputes involving the agreement. The provision makes no reference to binding mediation. Therefore, the court reads the provision to be a non-binding mediation provision.

courts that have applied § 20040.5 to litigation and arbitration forum selection provisions that restrict venue to a non-California forum. Delamater, however, has not provided the Court with any case law that has voided a similar mediation provision pursuant to §20040.5. Moreover, there is no language in §20040.5, nor anything in the legislative history, that supports Delamater's position that the mediation must occur in California.

Section 20040.5 provides that a provision that limits venue to a non-California forum is void with respect to any "claim" arising under or related to the Franchise Agreement. Based on the plain language of §20040.5, the statute only applies if there is a claim at issue. Section 20040.5 does not define "claim." The parties do not advocate for a particular definition. A claim is "a demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for." Black's Law Dictionary (9th ed. 2009). A claim is also a claim for relief. Id.

Based on the court's understanding of a "claim," in this context, the court finds that §20040.5 only applies to situations in which a party is asserting a claim for relief or a demand for a legal remedy. A party can assert a claim for relief by initiating an action in a court (as Delamater has done here by asserting claims for declaratory relief and injunctive relief in this district court) or by commencing an arbitration proceeding. An arbitration is a " hearing and determination of a case in controversy by an arbiter." Merriam Webster Online Dictionary, *available at* http://www.merriam-webster.com/(last visited June 14, 2010). The American Arbitration Association[13] provides that parties may commence an arbitration by filing " a statement of the nature of the dispute, the names and addresses of all parties, *any claims* and counterclaims, the amount involved, if any, the remedy sought." (Emphasis added). See American Arbitration Association Commercial Arbitration Rules and Mediation Procedures Rule

---

[13]The American Arbitration Association provides administrative services in the area of alternative dispute resolution. In addition, the Franchise Agreements provide that the arbitration will be held in accordance with the rules of the American Arbitration Association. See Westchester Franchise Agreement Section 18.C.1.

11

5, June 1, 2009.  The National Arbitration Forum[14] provides that an arbitration is initiated by the filing of a *claim*.  See The National Arbitration Forum Code of Procedure Rule 5A, August 1, 2008. (Emphasis added).

A party can also make a demand for a legal remedy in arbitration.  An arbiter follows the applicable substantive law and may grant any remedy or relief provided by law or equity, including monetary and injunctive relief.  See The National Arbitration Forum Code of Procedure Rule 5G, August 1, 2008.

In contrast, in a mediation, a party does not assert claims for relief or make demands for a legal remedy.  Mediation is a process in which "a neutral third person with no decision making power intervenes in the dispute to help the litigants voluntarily reach their own agreement." Jeld-Wen, Inc. v. Sup.Ct., 146 Cal. App. 4th 536, 540 (2007).  Mediators do not impose decisions on disputing parties; rather, they encourage disputing parties to find a common ground and resolve their dispute on their own terms.  In comparison, an arbitrator may make either a binding decision, in which case the decision is final, legally enforceable, and has limited grounds for challenge; or they may make a non-binding decision, in which case either party may reject the arbitrator's decision and opt to litigate.  Here, pursuant to the Franchise Agreements, the parties agreed to binding arbitration.  See Westchester Franchise Agreement Section 18.C.3.

Moreover, the language of the Franchise Agreements provide further support that the parties did not contemplate submitting "claims" to mediation.  The parties agreed to enter into mediation of all "disputes" involving the Franchise Agreements and agreed that all "disputes and claims" must be resolved by arbitration.  See Westchester Franchise Agreement Sections 18.B,18.C.

Further, the legislative history further supports the Court's finding that §20040.5 does not render the forum selection mediation provision unenforceable.  The author of the bill that became §20040.5 stated that the bill's purpose was "to ensure that California franchisees are not unfairly forced to litigate claims arising out of their franchise agreements in an out-of-state court at

---

[14]The National Arbitration Forum is a national and international administrator of alternative dispute resolution services including mediation and arbitration.

considerable expense, inconvenience, and possible prejudice to the California franchisee." Report to Senate Judiciary Committee, 1993-1994 Regular Session, AB 1920 (Peace), at 1. The author was motivated by the concern that:

> [m]any franchise contracts contain clauses that require a civil action or proceeding arising under or relating to a franchise agreement to be commenced in a designated out-of-state venue, which is usually the state of the franchisor's headquarters. Few franchisees can easily afford to defend or prosecute their actions in another state. The author of AB 1920 contends that these contractual provisions put the California franchisee at a great disadvantage in pursuing meritorious actions against a franchisor....

Id. at 2.

The legislative history reveals that the purpose was to prevent franchisees from having to litigate their claims out of state, which would could result in considerable expense, inconvenience, and possible prejudice. The mediation forum selection clause at issue does not require Delamater to litigate his actions in another state. The provision only requires Delamater to mediate for four hours. The expense of flying to another state for a four hour mediation would not cause Delamater to suffer the considerable expense or inconvenience that is associated with litigation or arbitration. Unlike an arbitration or litigation, in a mediation, the parties do not conduct discovery, present evidence, put on witnesses, or have their case decided by a judge or arbiter.

Accordingly, Delamater has not meet his burden to show that §20040.5 would invalidate the subject mediation provision.

Second, with respect to Delamater's argument that public policy reasons render the provision invalid, the Court is not persuaded. Delamater relies heavily on Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). In that case, the parties entered into an agreement that contained a forum selection clause that provided that any action instituted by a franchisee against the franchisor shall be brought only within Pennsylvania. The franchise holder brought suit in California. The franchisor filed a motion to dismiss. The trial court denied the motion to dismiss and concluded that the forum selection clause was unenforceable because it contravened California's strong public policy against such provisions. The Court of Appeals affirmed the trial court's decision and held that:

> §20040.5 expresses a strong public policy of the State of California to protect California franchises from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. A provision, therefore, that requires a California franchisee to *resolve claims* related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable...

Jones, 211 F.3d at 498. (Emphasis added).

Jones is distinguishable because that case involved a venue provision that required the franchisee to *litigate* outside of California. The court did not hold that a franchisee cannot be forced to mediate a dispute outside of California. The mediation provision at issue here does not require Delamater to litigate in a non-California venue. Delamater is not required to resolve his claims in mediation. As discussed above, in a non-binding mediation, the parties have agreed to discuss their dispute with a mediator in an effort to find a common ground and voluntarily resolve their dispute on their own terms. Unlike an arbitration or litigation, the mediator does not impose a binding decision on the parties. Although in a mediation, the parties may reach a settlement agreement, the parties are not required to resolve their dispute.

Delamater also relies on Roberts v. Synergistic International, LLC, 676 F.Supp. 2d 934 (E.D. Cal. 2009). In Roberts, the franchise holder brought suit against the franchisor in California. The franchisor moved for dismissal, arguing that the case had to be arbitrated first. The forum selection clause in Roberts provided that if the parties could not agree on a location, the arbitration would be held in Texas. The parties executed an addendum that provided that:

> The Franchise Agreement requires mediation and/or arbitration. Mediation and/or arbitration will occur at a mutually convenient time and place.... If the parties cannot agree on a place for the mediation and/or arbitration, the mediation and or arbitration will occur in Texas. This provision may not be enforceable under California law.

Roberts, 676 F. Supp. 2d at 939-940. The court struck the franchise agreement's forum selection clause for lack of a meeting of the minds because, given the amendment, the franchisee had no reasonable expectation that the arbitration would take place in Texas, in the event that the parties could not agree on a location,

Roberts is distinguishable because in that case, the court was dealing with an arbitration provision. The court did not hold that a franchisee cannot be forced to mediate a dispute outside of California. The Roberts court held that the addendum executed by the parties rendered the provision void because there was no meeting of the minds. In the instant matter, the parties did

not execute an addendum that modified the mediation provision. Here, the parties executed a state specific addendum that provided that: "The Franchise Agreement requires application of the laws and forum of Minnesota. This provision may not be enforceable under California law." See Westchester State Specific Addendum To Franchise Agreement as Required by the California Franchise Investment Law. The addendum cannot modify the mediation provision because the mediation provision does not restrict venue to Minnesota or even reference Minnesota. Thus, the addendum only modifies the Franchise Agreements' venue provision, which provides that the sole forum for litigation is Minnesota.

Moreover, Delamater contends that: "While the Court in Roberts allowed for arbitration, the Court ruled that the arbitration venue would be in California." See Delamater's Opposition to Anytime Fitness' Motion for Summary Judgment at page 10. Delamater has misstated the court's holding because the Roberts court actually ordered the parties to meet and confer and attempt in good faith to reach a mutually agreeable location for the arbitration and that if they were unable to reach an agreement, the parties could petition the court to make a decision on the location of the arbitration. See Roberts, 676 F. Supp. 2d at 953. Ultimately, the parties met and conferred and agreed on a mutually agreeable location in California. The Roberts court, however, did not order the parties to arbitrate in California.

## CONCLUSION

There is no dispute that the parties have not engaged in mediation. "Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." Brosnan v. Dry Cleaning Solution Inc., 2008 WL 2388392, at *1 (N.D. Cal., June 6, 2008) (citing B&O Mfg., Inc. V. Home Depot Inc. U.S.A., Inc., 2007 WL 3232276, *8 (N.D. Cal. Nov. 1, 2007); See also Centaur Corporation v. ON Semiconductor Components Industries, LLC, 2010 WL 44715 (S.D. Cal., Feb. 2, 1010). Since the Court finds that the mediation forum selection clause was enforceable, summary judgment in favor of Anytime Fitness is appropriate. Delamater failed to satisfy the condition precedent necessary to trigger the right to initiate litigation. The Court dismisses Delamater's complaint without prejudice because

it is premature.[15] Anytime Fitness is entitled to seek attorneys' fees for having to defend against Delamater's motion for summary judgment because Delamater violated the mediation provision.[16]

Accordingly, IT IS HEREBY ORDERED that:

1. Anytime Fitness' motion for summary judgment is GRANTED;

2. Delamater's complaint is DISMISSED without prejudice;

3. Delamater's motion for summary judgment is DENIED; and

4. The Court grants Anytime Fitness' request for leave of Court to document its attorneys' fees and costs incurred in preparing its response to Delamater's motion for summary judgment.

IT IS SO ORDERED.

Dated:   June 25, 2010                                        _____
                                                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[15] The Court notes that Anytime Fitness has filed a counter complaint and Delamater has filed an answer. However, the subject matter of these cross motions for summary judgment only deals with Delamater's complaint. As such, the Court expresses no opinion on Anytime Fitness' counter complaint.

[16] Anytime Fitness also requests sanctions pursuant to 28 U.S.C. §1927 because Delamater made "his choice to pursue litigation." See Anytime Fitness' Opposition to Delamater's Motion for Summary Judgment at page 39. It is well established that § 1927 does not apply to the initial filing of a complaint. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1996). Under § 1927, "the *multiplication* of proceedings is punished, thus placing *initial* pleadings beyond" the section's reach. Id. (Emphasis in original). See also In re Keegan Management Co., Securities Litigation, 78 F.3d 431, 435 (9th Cir. 1996). Accordingly, the Court denies Anytime Fitness' request for sanctions.